IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES R. DOWNES, #281824,  )
                           )
        Petitioner,        )
                           )   CASE NO. 2:16-CV-524-ECM-SMD
     v.                    )
                           )
WALTER MYERS, *et.al,*      )
                           )
        Respondents.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Acting *pro se*, Alabama inmate James R. Downes ("Downes") brings this petition

for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and sentence

for multiple counts of second-degree sexual abuse and child enticement. Doc. 1.[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Trial and Direct Appeal

On September 30, 2011, a Covington County jury found Downes guilty of four

counts of sexual abuse in the second degree, in violation of § 13A-6-67, Ala. Code 1975,

and three counts of enticing a child for illicit purposes, in violation of § 13A-6-69, Ala.

Code 1975. On November 10, 2011, the trial court sentenced Downes to one year in prison

for each count of second-degree sexual abuse and to 20 years in prison, as a habitual

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the
court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to
the page of the electronically filed document in the court's CM/ECF filing system, which may not
correspond to pagination on the "hard copy" of the document presented for filing.

offender with one prior felony conviction, for each count of child enticement. The court ordered the sentences to run consecutively.

Downes appealed, arguing that (1) the State presented insufficient evidence of his guilt; (2) there was a material variance between the indictment and the proof at trial; and (3) the trial court's jury instructions on sexual abuse and child enticement were erroneous. *See* (Doc. 16-2).

On August 10, 2012, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Downes's conviction and sentence. (Doc. 16-2). Downes applied for rehearing, which was overruled on September 28, 2012. (Doc. 16-3). The Alabama Court of Criminal Appeals entered a certificate of judgment on October 17, 2012. (Doc. 16-5). On December 20, 2012, Downes filed a petition for writ of certiorari with the Alabama Supreme Court, which that court dismissed as untimely filed on January 3, 2013. (Doc. 16-4).

## B. Proceedings Related to Alabama Rule 32 Petition(s)

### 1. October 2013 Rule 32 Petition

In October 2013, Downes filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. The Rule 32 petition consisted of variously titled documents raising numerous post-conviction claims.[2] In January 2014, the trial court issued an order finding that the petition was not properly

---

[2] The variously titled documents and claims in the petition are identified below in this discussion of the state court proceedings related to Downes's efforts to obtain post-conviction relief under Ala. R. Crim. P. 32.

filed because Downes had not submitted the filing fee or a request to proceed *in forma pauperis* with the petition and directing the circuit clerk to return the petition to Downes and to not "file" the petition until Downes paid the filing fee or Downes submitted, and the trial court granted, a proper request to proceed *in forma pauperis*.  In the same order, the trial court also purported to deny Downes relief on his post-conviction claims on the ground that the claims were not yet ripe for consideration because there was no properly filed petition before the court.

## 2.  March 2014 Mandamus Petition

In March 2014, Downes filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals asking that court to order the trial court to set aside its January 2014 order.  (Doc. 35-2).  Downes claimed that after he received the trial court's January 2014 order, he submitted a proper request to proceed *in forma pauperis*, which the trial court had denied.  *Id.*

In July 2014, the Alabama Court of Criminal Appeals denied Downes's mandamus petition, holding that because Downes had been denied indigency status and had not paid the filing fee, the trial court lacked jurisdiction over his Rule 32 petition and the appellate court could not direct the trial court to consider a case over which it lacked jurisdiction. (Doc. 35-4).

## 3.  August 2014 Rule 32 Petition

On August 12, 2014, Downes mailed to the trial court a money order, a Rule 32 petition, and a cover letter.  (Doc. 25-3) at 5-16.  In the cover letter, Downes stated that the money order was payment for the filing fee for (1) the Rule 32 petition he filed in October

2013 ("October 2013 petition"); (2) all filings related to the October 2013 petition; and (3) the Rule 32 petition he was filing on that date ("August 2014 petition"). *Id.* at 5. The August 2014 petition raised a single claim that Downes's three 20-year sentences as a habitual offender for his child-enticement convictions were illegal, because the prior conviction (a federal counterfeiting conviction) used to enhance his sentence under Alabama's Habitual Felony Offender Act ("HFOA") did not constitute a felony under Alabama law. *Id.* at 6-13.

On October 31, 2014, the State filed a response to Downes's August 2014 petition. (Doc. 25-3) at 27-33. In its response, the State conceded that Downes was entitled to relief on his challenge to the legality of his 20-year sentences for child enticement. *Id.* at 32. The State asked that Downes's petition be summarily dismissed but that his challenge to the legality of his 20-year sentences be granted and that a new sentencing hearing be scheduled. *Id.* The State's response did not address any of the claims purportedly raised in Downes's October 2013 petition, or in other related filings.

On November 18, 2014, the trial court stamped "GRANTED" on the first page of the State's response, *see* (Doc. 25-3) at 27, but issued no separate order ruling on Downes's petition.

### 4. Untitled Filing of December 1, 2014: "Motion to Reconsider"

On December 1, 2014, Downes submitted an untitled filing to the trial court in which he stated he had filed a Rule 32 petition in October 2013 that he believed had not been (1) properly docketed by the circuit clerk, (2) addressed by the State in its October 31, 2014 response, or (3) considered by the trial court in making its November 18, 2014 ruling.

(Doc. 25-3) at 35-37.  Downes also asserted that he had filed the following documents in relation to the October 2013 petition, and that those documents also had not been properly docketed by the circuit clerk, responded to by the State, or considered by the trial court: (1) a petition for a writ of habeas corpus/motion to vacate sentence; (2) a petition for a writ of certiorari on the ground of ineffective assistance of trial counsel; (3) a document challenging his appellate counsel's effectiveness; (4) a document asserting equitable tolling; (5) a request for the circuit judge to recuse himself from the Rule 32 proceedings; (6) a second document challenging his trial counsel's effectiveness; (7) a petition for a writ of error coram nobis as his "last attempt for 'Due Process' under the 'Habitual Offender Act'"; and (8) a document alleging fraud on the jury, i.e., juror misconduct.  *Id.* at 35.

The Alabama Court of Criminal Appeals later considered Downes's untitled December 1, 2014 filing to be Downes's post-judgment motion asking the trial court to reconsider its November 18, 2014 ruling stamping "GRANTED" on the first page of the State's response to Downes's August 2014 petition.  *See, e.g.,* (Doc. 25-1) at 4-5.  Also attached to the motion to reconsider was what Downes claimed was a copy of the petition he had filed in October 2013.  *See* (Doc. 25-3) at 39-50.  However, that petition, as opposed to the motion to reconsider to which it was attached, contained no indication as to when it was originally filed.[3]

---

[3] The trial court did not specifically rule on the motion to reconsider.  Therefore, the motion was denied by operation of law 30 days after the trial court's November 18, 2014 ruling.  *See* (Doc. 25-1) at 5 (citing *Loggins v. State*, 910 So. 2d 146, 149 (Ala. Crim. App. 2005)).

### 5. December 11, 2014 Notice of Appeal

On December 11, 2014, Downes filed a notice of appeal, stating that he was appealing "from the following matter: Rule 32 items that were not addressed by the district attorney and court." (Doc. 25-3) at 52. After the record on appeal was certified as complete in February 2015, Downes filed in the Alabama Court of Criminal Appeals a motion to supplement the record with, among other documents, his October 2013 petition and all documents/motions relating to the October 2013 petition. *See* (Doc. 25-1) at 5. The Alabama Court of Criminal Appeals transferred Downes's motion to supplement the record to the trial court, which the trial court denied on May 5, 2015. *See id.*[4]

### 6. Resentencing: Amended Sentencing Order of January 15, 2015

As noted above, on November 18, 2014, the trial court stamped "GRANTED" on the first page of the State's response to Downes's August 2014 petition. A new sentencing hearing was held on January 14, 2015, and on January 15, 2015, the trial court entered an Amended Sentencing Order resentencing Downes, without application of Alabama's HFOA, to 10 years in prison for each of his three child-enticement convictions. (Doc. 16-13). The trial court ordered the sentences to run consecutively to each other and with the sentences for second-degree sexual abuse previously imposed. *Id.*

---

[4] Downes also filed in the trial court a motion to produce records including, among other documents, his October 2013 petition and all documents/motions relating to that petition. *See* (Doc. 25-1) at 5. There is no record of the trial court ruling on Downes's motion to produce.

### 7. Claims Raised on Rule 32 Appeal

In his brief on appeal from the trial court's ruling on his August 2014 Rule 32 petition, Downes raised numerous claims, including claims of juror misconduct by members of the petit juror who Downes said lied during voir dire; faulty indictment; material variance; improper jury instructions; insufficient evidence; double jeopardy; ineffective assistance of trial and appellate counsel; denial of a speedy trial; illegal search and seizure; and change of venue. *See* (Doc. 25-3) at 53-88.

### 8. Court of Criminal Appeals' November 23, 2015 Remand Order

By order dated November 23, 2015, the Alabama Court of Criminal Appeals remanded Downes's case to the trial court with instructions for that court to clarify and/or supplement the record on appeal. *See* (Doc. 16-8). After setting out the tangled procedural history of the case in its order, the Alabama Court of Criminal Appeals explained:

> [I]t does not appear that any of the numerous postconviction claims raised in the alleged October 2013 petition and the amendments listed above were considered by the State in responding to Downes's August 2014 amended petition. Thus, when it issued its ruling by simply stamping "GRANTED" on the first page of the State's response, it appears that the circuit court also did not consider the October 2013 petition and amendments. Most importantly, we point out that nothing in the record indicates that the circuit court issued a final ruling on Downes's October 2013 petition and amendments before Downes filed his August 2014 petition. If, in fact, the October 2013 petition and amendments were not ruled on by the circuit court before Downes filed the August 2014 petition, then the August 2014 petition was clearly nothing more than an additional amendment to the October 2013 petition, for which the filing fee had been paid on August 12, 2014. If that is the case, then, at the least, the record is not sufficiently complete for this Court to adequately review the circuit court's partial dismissal of the October 2013 petition and amendments, and at the most, the circuit court's stamping "GRANTED" on the first page of the State's response may not be a final judgment. If, on the other hand, the October 2013 petition and amendments had been finally disposed of by the circuit court before Downes filed his

August 2014 petition, then the August 2014 petition would be a second or successive petition, which was granted by the circuit court. Despite the assertion in the State's response that Downes had raised two claims in his petition, as noted above, our review of the petition reveals that Downes raised only a single claim in his August 2014 petition—that his three 20-year sentences for his enticing convictions were illegal. The State conceded that this claim was meritorious and the circuit court granted Downes relief on this claim and resentenced him for his enticing convictions. As Downes received the only relief he sought in his August 2014 petition, this appeal would be moot if the August 2014 petition were considered a separate petition independent of the October 2013 petition and amendments.

Because the record before this Court is unclear and may be incomplete, pursuant to Rule 29, Ala.R.Crim.P., and Rule 10(g), Ala.R.App.P. the Court of Criminal Appeals ORDERS that this cause be and the same is hereby REMANDED for the circuit court to take the following actions. The circuit court shall issue an order clarifying whether or not it issued a final ruling on the petition Downes filed in October 2013, and the amendments to that petition, before Downes filed his August 2014 petition. In this regard, we note that the circuit court's January 2014 order finding that Downes's October 2013 petition was not properly filed does not constitute a final ruling. If the circuit court determines that the October 2013 petition and the amendments to that petition were finally disposed of before Downes filed his August 2014 petition, the court shall supplement the record with its order ruling on Downes's October 2013 petition and amendments. If the circuit court determines that the October 2013 petition and the amendments to that petition were not finally disposed of before Downes filed his August 2014 petition, the court shall issue an order clarifying whether or not the court intended its stamping of 'GRANTED' on the first page of the State's October 31, 2014, response to Downes's August 2014 petition to be a final ruling on all of the claims raised in Downes's October 2013 petition and amendments, and shall then supplement the record with Downes's October 2013 petition and all of the amendments and filings related to that petition that were listed in Downes's December 1, 2014 postjudgment motion.

(Doc. 16-8) at 3-4.

### 9. Trial Court's Order on Remand

On remand, the trial court complied with the Alabama Court of Criminal Appeals' instructions and issued the following order on February 1, 2016:

The above-styled matter having previously been remanded to this Court for the Court to clarify whether it issued a final ruling on the petition Downes filed in October 2013, and the amendments to the petition, before Downes filed his August 2014 petition, the undersigned hereby files its return to remand and makes the following findings:

In October 2013, Downes mailed a petition of some description to the Circuit Clerk of Covington County. This Court refused to accept Downes's petition for filing due to there being no filing fee paid or in forma pauperis designation, and the petition was ordered to be returned to Downes unfiled. Thereafter, in August 2014, Downes filed a petition that was accompanied by a filing fee, which was apparently intended to be the filing fee for both the August 2014 petition and the October 2013 petition. At that time, however, Downes did not mail the October 2013 petition to the Circuit Clerk.

This Court ruled on the merits of the August 2014 petition in November 2014 by means of a "granted" stamp placed on the State's response to the August 2014 petition. The State's said response and the "granted" stamp placed thereon only addressed the issues raised in Downes's August 2014 petition and resulted in Downes gaining the relief he sought in the August 2014 petition concerning his sentence being improper, a fact which was conceded by the State and corrected by this Court re-sentencing Downes.

At the time this Court ruled on the August 2014 petition it did not have before it Downes's October 2013 petition, which had been refused and which the Court was not aware of a year later when this Court ruled on the August 2014 petition.

Thereafter in December 2014, Downes filed the untitled document which the Court of Criminal Appeals has chosen to interpret as a post-judgment motion to reconsider.

The undersigned, with the assistance of the Circuit Clerk and the District Attorney, has made a diligent search and has been unable to locate any petition filed by Downes in October 2013. There was clearly a document sent to be filed at that time, and this Court ordered the said document be refused for filing until payment of the filing fee or granting of indigency status.

The undersigned has not been able to determine what happened to the October 2013 petition that was refused. However, the undersigned can confirm that its "granted" stamp of November 2014 did not address the

October 2013 petition, as it was not physically before the Court at the time the Court issued its order in November 2014, nor was the Court aware of its existence at the time of the ruling. The Court had no independent memory of the earlier petition which had been refused, and the petition was not re-filed with the August 2014 petition.

Moreover, this Court cannot say that the document contained in Downes's untitled filing of December 2014, which Downes alleges is the same Rule 32 petition he filed in October 2013, is in fact the same document. Whether it is or is not the same this Court has been unable to verify that said petition has ever been ruled upon.

(Doc. 35-1) at 1-2.

## 10. Court of Criminal Appeals' Memorandum Opinion on Return to Remand Dismissing Rule 32 Appeal

On March 4, 2016, on return to remand, the Alabama Court of Criminal Appeals

issued a memorandum opinion that stated, in pertinent part:

Based on the circuit court's order on remand, this appeal is due to be dismissed. The circuit court stated in its order on remand that it did not have before it, and did not consider, the October 2013 petition and its related documents and motions, when it stamped "GRANTED" on the State's response to Downes's August 2014 petition. The circuit court also stated that it had previously ordered the circuit clerk to return to Downes the October 2013 petition and its related documents and motions and that the October 2013 petition and its related documents and motions could not be found in the circuit clerk's records; thus, we may infer that the October 2013 petition and its related documents and motions were, in fact, returned to Downes unfiled. The circuit court further stated that Downes had never refiled the October 2013 petition and its related documents and motions. Because Downes did not refile the October 2013 petition and its related documents and motions when he paid the filing fee and filed his August 2014 petition, the only petition before the circuit court at that time was the August 2014 petition. As noted above, in the August 2014 petition, Downes raised a single claim—a challenge to the legality of his sentences for his enticing convictions—and the circuit court granted the petition and resentenced Downes for his enticing convictions. Because Downes received the only relief he requested in the only petition that was properly before the circuit court, and the only petition that is properly before this Court, this appeal is moot and due to be dismissed.

We note that Downes raises in his brief on appeal numerous claims, including claims of juror misconduct, faulty indictment, material variance, improper jury instructions, insufficient evidence, double-jeopardy, ineffective assistance of trial and appellate counsel, denial of a speedy trial, illegal search and seizure, and change of venue. Downes states that these claims were properly raised in his October 2013 petition and its related documents and motions. However, as already noted, the October 2013 petition and its related documents and motions were not refiled by Downes after having been returned to him and, therefore, were not before the circuit court for review when it considered Downes's August 2014 petition. Because none of the claims Downes raises on appeal were raised in his August 2014 petition—the only petition that was properly before the circuit court—they are not properly before this Court for review. *See Arrington v. State,* 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").

Based on the foregoing, this appeal is due to be, and is hereby, dismissed.

APPEAL DISMISSED.

(Doc. 25-1) at 9-10 (footnote omitted).

Downes's application for rehearing was overruled on March 25, 2016. (Doc. 16-10). Downes filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on May 20, 2016. (Doc. 16-11). A certificate of judgment was entered on that date. (Doc. 16-12).

## 11. *May 2016 Mandamus Petition Seeking Recusal of Rule 32 Judge*

On May 16, 2016, Downes filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals asking that court to direct Circuit Judge Charles Short to recuse himself from Downes's Rule 32 proceedings. *See* (Doc. 35-5). On June 30, 2016, the Alabama Court of Criminal Appeals denied Downes's mandamus petition, citing

Downes's failure to comply with that court's order to show proof of having served the mandamus petition on Judge Short. (Doc. 35-5).

On May 18, 2016, Downes filed a notice of appeal from a motion to recuse Judge Short that he had filed in the Covington County Circuit Court. *See* (Doc. 35-6). On July 13, 2016, the Alabama Court of Criminal Appeals dismissed the appeal based on Downes's failure to pay the filing fee or obtain permission to appeal *in forma pauperis*. (Doc. 35-7). On July 5, 2016, Downes filed what he styled as a petition for writ of certiorari with the Alabama Supreme Court, which that court construed as a petition for writ of mandamus. *See* (Doc. 35-9). On July 29, 2016, the Alabama Supreme Court denied Downes's request to proceed *in forma pauperis* in the mandamus proceedings. *Id*. On July 29, 2016, the Alabama Supreme Court dismissed Downes's mandamus petition. (Doc. 35-10).

## C. Downes's § 2254 Petition

On May 19, 2016, Downes initiated this habeas action by filing a § 2254 petition[5] containing the following claims, most of which he raised in his brief on appeal from the trial court's ruling on his August 2014 Rule 32 petition:

1. A member of the petit juror failed to answer truthfully during voir dire when asked if he had a prior felony conviction, rendering the jury a nullity and warranting a new trial.

2. He was denied his right to a speedy trial.

3. His trial counsel rendered ineffective assistance by (a) failing to adequately explain the State's plea offers to him; (b) failing to object to seating of the previously convicted juror on the petit jury; (c) failing to

---

5 Downes filed his § 2254 petition in the United States District Court for the Southern District Alabama. On June 28, 2016, that court transferred Downes's petition to this court under the provisions of 28 U.S.C. § 1631. See (Docs. 5-7).

assert that his right to a speedy trial was denied; (d) allowing his wife to represent Downes on appeal; (e) failing to object to the seating of four jurors who had been victims of child molestation; (f) failing to object to the use of Downes's federal counterfeit conviction to enhance his sentence under Alabama's HFOA; (g) failing to argue for a lesser-included offense instruction; (h) failing to conduct adequate investigation; (i) failing to introduce medical evidence regarding Downes at trial; and (j) failing to assert a *Brady* violation by the State regarding a tape recording.

4. His appellate counsel rendered ineffective assistance by failing to "find the many errors" of trial counsel and failing to assert various issues he wished to have raised on appeal.

(Doc. 1) at 6-8; (Doc. 1-1) at 2-11.

On August 10, 2016, Downes filed an amendment to his § 2254 petition in which he argued that the state appellate court's denial of his applications for *in forma pauperis* status in the proceedings related to his mandamus petition, wherein Downes sought to compel the recusal of Circuit Judge Charles Short in proceedings related to his Rule 32 petition, denied him access to the courts and violated his equal protection and due process rights. (Doc. 19).

Respondents argue that Downes's claims are time-barred and/or procedurally defaulted, or that his claims concern matters not cognizable in a § 2254 proceeding.[6] *See* (Docs. 16, 22, 35). After consideration of the parties' submissions, the record, and the

---

[6] In arguing that Downes's claims are time-barred under the one-year limitation period in 28 U.S.C. § 2244(d), Respondents maintain that (1) Downes's judgment of conviction became final 42 days after his January 15, 2015 resentencing, i.e., on February 26, 2015; (2) under § 2244(d)(1)(A), Downes had one year from February 26, 2015, to file his § 2254 petition; and (3) Downes's § 2254 petition, which was filed on May 19, 2016, was therefore untimely under § 2244(d)(1)(A). This Court rejects Respondents' time-bar argument. Pursuant to § 2244(d)(2), AEDPA's one-year clock remained tolled during the pendency of Downes's Rule 32 appeal, which concluded on May 20, 2016, when the Alabama Supreme Court denied Downes's petition for writ of certiorari.

pertinent law, the undersigned recommends that Downes's § 2254 petition, as amended, be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II. DISCUSSION

### A. Procedural Default Doctrine

#### 1. Exhaustion

Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, allowing the state courts to decide the merits of the constitutional issue raised. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review— a petition for a writ of certiorari—filed in the Alabama Supreme Court. *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

## 2. Adequate and Independent State Grounds

Federal habeas review may be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."[7] *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

---

[7] The United States Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3. Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."[8] *Schlup*, 513 U.S. at 327.

---

[8] "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

**B. Downes's Claims Are Procedurally Defaulted.**

Downes presents the following claims in the § 2254 petition that he filed on May

19, 2016:

1. A member of the petit juror failed to answer truthfully during voir dire when asked if he had a prior felony conviction, rendering the jury a "nullity" and warranting a new trial. *See* Doc. 1 at 6; Doc. 1-1 at 2–3.

2. He was denied his right to a speedy trial. *See* Doc. 1 at 8; Doc. 1-1 at 6–10.

3. His trial counsel rendered ineffective assistance by (a) failing to adequately explain the State's plea offers to him (*see* Doc. 1 at 8; Doc. 1-1 at 4–5); (b) failing to object to seating of the previously convicted juror on the petit jury (*see* Doc. 1-1 at 5); (c) failing to assert that Downes's right to a speedy trial was denied (*see* Doc. 1-1 at 8-9); (d) allowing his wife to represent Downes on appeal (*see* Doc. 1-1 at 2–4); (e) failing to object to the seating of four jurors who had been victims of child molestation (*see* Doc. 1-1 at 4); (f) failing to object to the use of Downes's federal counterfeit conviction to enhance his sentence under Alabama's HFOA (*see* Doc. 1-1 at 5); (g) failing to argue for a lesser-included offense instruction (*see* Doc. 1-1 at 6); (h) failing to conduct adequate investigation (*see* Doc. 1-1 at 7); (i) failing to introduce medical evidence regarding Downes at trial (*see* Doc. 1-1 at 7); and (j) failing to assert a *Brady* violation by the State regarding a tape recording (*see* Doc. 1-1 at 7–8).

4. His appellate counsel rendered ineffective assistance by failing to "find the many errors" of trial counsel and failing to assert various issues that Downes wished to have raised on appeal. *See* Doc. 1 at 7; Doc. 1-1 at 10-11.

Respondents argue that these claims by Downes are procedurally defaulted

because, although Downes raised the claims on appeal from the trial court's ruling

on his August 2014 Rule 32 petition, the Alabama Court of Criminal Appeals held

that the claims had not been properly presented to the trial court in the August 2014

petition, and therefore they were not properly before the appellate court for review.

*See* Doc. 22 at 7-8.  In particular, the Alabama Court of Criminal Appeals stated:

> Downes states that these claims were properly raised in his October 2013 petition and its related documents and motions. However, as already noted, the October 2013 petition and its related documents and motions were not refiled by Downes after having been returned to him and, therefore, were not before the circuit court for review when it considered Downes's August 2014 petition. Because none of the claims Downes raises on appeal were raised in his August 2014 petition—the only petition that was properly before the circuit court—they are not properly before this Court for review. *See Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").

(Doc. 25-1) at 10.

The Alabama Court of Criminal Appeals denied review of Downes's claims on the adequate and independent state procedural ground that issues not raised in the lower court in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition.  *See Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997).  This procedural bar is firmly established and regularly followed by Alabama appellate courts.[9] *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1144 (Ala. Crim. App. 2003); *McGahee v. State*, 885 So. 2d 191, 224 (Ala. Crim. App. 2003); *Sims v. State*, 869 So.2d 1181, 1184 (Ala. Crim. App. 2003); *Arrington*, 716 So. 2d at 239.  For this reason, Downes's claims are procedurally defaulted for purposes of federal habeas review.  *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Atkins*, 965 F.2d at 955.

---

[9] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

To the extent Downes's § 2254 petition introduces new claims or new theories of relief not addressed by the Alabama Court of Criminal Appeals, such claims are unexhausted—because Downes failed to subject the claims to a complete round of the State's established review process, either on direct appeal or in the Rule 32 proceedings. *See O'Sullivan*, 526 U.S. at 845; *Pruitt*, 348 F.3d at 1359. Even if Downes asserted such claims in his October 2013 Rule petition, the petition was not properly presented to, nor was it considered by, the trial court. Moreover, Downes cannot return to the state courts to litigate such claims, both because they would be barred as untimely under the one-year limitation period in Ala. R. Crim. P. 32.2(c) and because any new Rule 32 petition presenting the claims would be considered a successive petition under Ala. R. Crim. P. 32.2(b). Thus, such claims are procedurally defaulted. *See Gray*, 518 U.S. at 161–62; *Coleman*, 501 U.S. at 735.

Downes does not state forthrightly any grounds as cause excusing his procedural default of the claims in his § 2254 petition. However, to the extent Downes suggests as cause for his default the trial court's failure to rule on the claims in his October 2013 Rule 32 petition, the record supports the state courts' findings that the October 2013 petition and its related documents and motions were returned to Downes unfiled; that the circuit court did not receive the October 2013 petition and related documents when Downes paid the filing fee and filed his August 2014 Rule 32 petition; that the only petition before the trial court at the time of its November 2014 ruling was the August 2014 petition in which Downes raised a single claim challenging the legality of his sentences for his child-enticement convictions; that the trial court lacked an independent recollection of any claims

in the October 2013 petition at the time of its November 2014 ruling on the August 2014 petition; and that Downes received the only relief he requested—resentencing on his child-enticement convictions—in the only petition (the August 2014 petition) that was properly before the trial court. Downes fails to show that some objective factor external to his own actions prevented him from raising his claims in a properly filed Rule 32 petition. *See Murray*, 477 U.S. at 488; *Frady*, 456 U.S. at 170. Thus, he fails to demonstrate cause excusing his procedural default.

Downes also fails to establish that he was prejudiced by the trial court's failure to rule on the claims in his October 2013 petition, which requires that he show there were errors in the proceedings that worked to his "actual and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions." *Murray*, 477 U.S. at 494. That is, Downes fails to show that the jury in his case was "nullified" because a petit juror allegedly failed to answer truthfully during voir dire when asked if he had a prior felony conviction; fails to demonstrate he had a meritorious speedy trial claim; and fails to sustain his various claims of ineffective assistance of trial and appellate counsel—which are set forth in conclusory fashion—by demonstrating both deficient performance by counsel and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (petitioner alleging ineffective assistance of counsel must demonstrate that (1) his counsel's performance was deficient and (2) he was actually prejudiced by the inadequate performance). Downes's conclusory allegations of ineffective assistance provide insufficient information from which this court can find either deficiency or prejudice.

Finally, Downes does not argue or establish that the actual-innocence exception provides a gateway for review of his procedurally defaulted claim. Because Downes fails to demonstrate cause and prejudice or actual innocence excusing his procedural default, the claims in his § 2254 petition are foreclosed from federal habeas review.

## C. Claim in Amendment to § 2254 Petition

In August 2016, Downes filed an amendment to his § 2254 petition in which he argued that the state appellate court's denial of his applications for *in forma pauperis* status in the proceedings related to his mandamus petition—in which Downes sought to compel the recusal of Circuit Judge Charles Short in proceedings related to his Rule 32 petition—denied him access to the courts and violated his equal protection and due process rights. (Doc. 19).

Here, Downes does not state a claim cognizable in federal habeas review. Through his mandamus petition, Downes challenged the state trial judge's refusal to recuse himself from presiding over Downes's Rule 32 proceedings. In *Quince v. Crosby*, 360 F.3d 1259 (11th Cir. 2004), the Eleventh Circuit addressed a similar claim by a federal habeas petitioner who had sought the recusal of state judge in a collateral proceeding on the petitioner's Florida Rule 3.850 motion:

> The first basis for rejecting appellant's argument is that the claim is not cognizable. Judge Johnson acted merely as the state judge in a collateral proceeding, the proceeding on appellant's Rule 3.850 motion. In *Spradley v. Dugger*, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); *see also Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an

attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley*, 825 F.2d at 1568. The district court was correct in relying on *Spradley* and declining to grant habeas relief based on Judge Johnson's refusal to recuse himself from the Rule 3.850 hearing.

360 F.3d at 1261-62. By his amended claim, Downes is not alleging a defect in his conviction or sentence, but instead is alleging a defect in the state post-conviction review process in his case. Because this constitutes and attack on a proceeding collateral to Downes's detention and not the detention itself, Downes's claim here does not state a basis for federal habeas relief. As such, Downes is entitled to no relief on the claim he presents in the amendment to his § 2254 petition.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice. It is further

ORDERED that **on or before July 9, 2019**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of June, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE