IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES R. DOWNES, #281824, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-cv-524-ECM |
| ) | (wo) |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (doc. 56), and the Petitioner's objections thereto (doc. 59).

Following an independent evaluation and de novo review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

On September 30, 2011, James Downes ("Downes" or "the Petitioner"), was found guilty of four counts of sexual abuse in the second degree, in violation of ALA. CODE § 13A-6-67, and three counts of enticing a child for illicit purposes, in violation of ALA. CODE § 13A-6-69.

In October 2013, Downes filed a pro se petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. In January 2014, the trial court issued an order finding that the petition was not properly filed. Subsequently, the Alabama Court of Criminal Appeals held that the claims were not properly before it for appellate review. (Doc. 56 at 17-8).

In his habeas corpus petition, which has been amended, Downes claims the following: he is entitled to a new trial because a member of the petit jury failed to answer truthfully whether he had a prior felony conviction; he was denied a speedy trial; and his trial council rendered ineffective assistance of counsel by failing to explain plea offers, failing to object to the seating of the juror whom Downes contends lied during jury selection, failing to assert that his right to a speedy trial was denied, allowing his wife to represent Downes on appeal, failing to object to the seating of four jurors, failing to object to the use of a conviction as a sentence enhancement, failing to argue for a lesser included-offense jury instruction, failing to conduct an adequate investigation, failing to introduce medical evidence, and failing to assert a *Brady* violation.  Downes also claims that appellate counsel rendered ineffective assistance. (Doc. 56 at 13, Doc. 1, & Doc. 1-1).

The Magistrate Judge recommended that Downes' amended petition for writ of habeas corpus be denied because the claims were procedurally defaulted–based on the Alabama Court of Criminal Appeals' denial of review–without cause and prejudice to excuse the default. (Doc. 56 at 18)(citing Doc. 25-1).

In his objections to the Recommendation, Downes argues that his claim that a petit juror lied during jury selection presents a structural error which cannot be procedurally defaulted. (Doc. 59).

Even if Petitioner's claim presents a structural error, the nature of the error does not remove it from the procedural bar of habeas corpus. *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1910 (2017)("Despite its name, the term 'structural error' carries with it no talismanic significance as a doctrinal matter. It means only that the government is not

2

entitled to deprive the defendant of a new trial by showing that the error was 'harmless beyond a reasonable doubt.'"). To the contrary, when a defaulted claim involves structural error, a petitioner must still satisfy the "cause and prejudice" exception to procedural default. *Engle v. Isaac*, 456 U.S. 107, 129 (1982)(holding "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief."). As the Eleventh Circuit has explained, "[i]t is one thing to recognize that structural errors and defects obviate any requirement that prejudice be shown on direct appeal and rule out an application of the harmless error rule in that context . . . . [but] [i]t is another matter entirely to say that they vitiate the prejudice requirement . . . ." *Purvis v. Crosby*, 451 F.3d 734, 740 (11th Cir. 2006). In *Purvis*, the court held that because an error in removing the public from the courtroom had not been raised at trial, the petitioner was required to show both cause and actual prejudice in order to overcome the resulting procedural bar. *Id.* at 742 (citing *Hollis v. Davis*, 941 F.2d 1471, 1476 (11th Cir. 1991)). In this case, with respect to his claim based on a petit juror's alleged falsehood, "because a challenge was not timely raised in the state trial court, [Downes] must show cause for not raising the issue, and actual prejudice from the error." *Hollis*, 941 F.2d 1476. Downes' objection that his claim cannot be procedurally defaulted, therefore, is due to be OVERRULED.

In addition, this Court agrees with the conclusion of the Recommendation that there is no excuse for the procedural default because Downes has failed to show that some objective factor external to his own actions prevented him from raising his claims in state court, or that the jury in his case was nullified because a petit juror allegedly failed to

3

answer truthfully during voir dire when asked if he had a prior felony conviction. (Doc. 56 at 20).

Accordingly, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The petition filed by Downes is DENIED and the case is DISMISSED with prejudice.

A separate Judgment will be entered.

Done this 14th day of September, 2021.

                              /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE